Richard Sulenski                                              **February 27, 2007**
Graham v. Best Buy Stores, L.P., et al.

Page 1

1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF OHIO
2                              EASTERN DIVISION
                                - - - - -
3

MICHAEL GRAHAM,
4
          Plaintiff,
5
          vs                     Case No. 1:06-CV-1532
6                                Judge Christopher A. Boyko
BEST BUY STORES, L.P.,
7    et al.,

8         Defendants.

9

10                            - - - - -

11              DEPOSITION OF RICHARD SULENSKI

12              TUESDAY, FEBRUARY 27, 2007

13                            - - - - -

14        Deposition of RICHARD SULENSKI, a Witness

15    herein, called by counsel on behalf of the

16    Plaintiff for examination under the statute,

17    taken before me, Vivian L. Gordon, a Registered

18    Diplomate Reporter and Notary Public in and for

19    the State of Ohio, pursuant to agreement of

20    counsel, at the offices of Schuster & Simmons,

21    2913 Clinton Avenue, Cleveland, Ohio, commencing

22    at 12:45 o'clock p.m. on the day and date above

23    set forth.

24                            - - - - -

25

**EXHIBIT**

H

Richard Sulenski
Graham v. Best Buy Stores, L.P. , et al.

Page 2

```
 1    APPEARANCES:

 2    On behalf of the Plaintiff

 3         Schuster & Simmons Co., LPA

 4         KAMI D. ROWLES, ESQ.

 5         The Bevlin House

 6         2913 Clinton Avenue

 7         Cleveland, Ohio   44113

 8

 9    On behalf of the Defendant

10         Vorys, Sater, Seymour and Pease, LLP

11         DAVID A. CAMPBELL, ESQ.

12         MATTHEW D. BESSER, ESQ.

13         2100 One Cleveland Center

14         1375 East Ninth Street

15         Cleveland, Ohio   44114

16

17

18

19                    -  -  -  -

20

21

22

23

24

25
```

Richard Sulenski **February 27, 2007**
Graham v. Best Buy Stores, L.P., et al.

Page 3

1          RICHARD SULENSKI, a witness herein, called

2     for examination, as provided by the Federal

3     Rules of Civil Procedure, being by me first duly

4     sworn, as hereinafter certified, was deposed and

5     said as follows:

6          EXAMINATION OF RICHARD SULENSKI

7     BY MS. ROWLES:

8          Q.    Let the record reflect we are here

9     for the deposition of Rick Sulenski.  Is that

10    pronounced right?

11         A.    Yes.

12         Q.    Can you state your full name for the

13    record, please.

14         A.    Richard Sulenski.

15         Q.    Will you spell your last name.

16         A.    S-U-L-E-N-S-K-I.

17         Q.    Have you ever been deposed before?

18         A.    No, I have not.

19         Q.    Have you ever been a witness in a

20    case, any kind of case?

21         A.    No.

22         Q.    Ever been a party to any case?

23         A.    No.

24         Q.    I just want to go over a few ground

25    rules since you haven't been deposed before.

**Richard Sulenski**                                    **February 27, 2007**
Graham v. Best Buy Stores, L.P., et al.

                                                        Page 128

    1          A.     Factually?

    2          Q.     Yes.

    3          A.     By the fact that it was a theft or

    4    perception?

    5          Q.     What led you to believe that a theft

    6    had occurred?   Did someone tell you that a

    7    theft had occurred?

    8          A.     No.  I believe in following up that

    9    night or after working through this over/short

   10    checklist, upon inspection of the register, I

   11    noticed that the key cylinder had been damaged.

   12          Q.     Okay.  And how had it been damaged?

   13          A.     It looked like it had been marked

   14    up, scratched and dented I guess is the best way

   15    to put it.

   16          Q.     What did you do with the register?

   17    Did you move the register?

   18          A.     No, I did not.

   19          Q.     You left it where it was?

   20          A.     Yes.

   21          Q.     Did you do anything to prevent

   22    anyone else from touching the register?

   23          A.     I don't believe so.

   24          Q.     Did you advise Mr. Collins at any

   25    time about the register, the damage you had

Richard Sulenski                              **February 27, 2007**
Graham v. Best Buy Stores, L.P. , et al.

Page 129

```
 1    noticed, observed to the register?
 2          A.    I don't recall, but I have to assume
 3    that I did.
 4          Q.    After you noticed that the register
 5    was damaged, did any employee use the register
 6    to ring up sales transactions?
 7          A.    I don't know for sure.
 8          Q.    So you observed that the register
 9    had been damaged and you didn't take any steps
10    to prevent the register from not being used?
11          A.    I don't recall any steps.
12          Q.    Okay. After your first meeting with
13    Mr. Collins, did he advise you as to any steps
14    you should take?
15          A.    When?  The first interaction with
16    Mr. Collins?
17          Q.    You said you made a phone call but
18    you don't remember if you had a conversation or
19    not.
20          A.    Right.
21          Q.    We are talking about Mr. Collins
22    came to the store and you and he were in the
23    loss prevention office.  Did he advise you of
24    any steps to take?
25          A.    That is my first interaction with
```

Richard Sulenski                                    **February 27, 2007**
Graham v. Best Buy Stores, L.P. , et al.

Page 136

```
 1          A.    I don't know.
 2          Q.    Do you know what department he
 3    worked in in 2005?
 4          A.    I do not.
 5          Q.    Okay.  And you recognize the lady
 6    sitting next to him?
 7          A.    Correct.
 8          Q.    Who is that?
 9          A.    Adrian Sadagy.
10          Q.    Who is she?
11          A.    She is an assistant manager in one
12    of the stores.
13          Q.    Is that how you know her?
14          A.    Yes.  Well, she previously was a
15    district recruiter, I believe was her title, and
16    I worked with her in the district office for a
17    short period of time.
18          Q.    In 2005, can you describe the type
19    of relationship you had with Ty?
20          A.    No relationship.
21          Q.    Did you just know him through work?
22          A.    Yes.
23          Q.    What about Adrian?
24          A.    The same thing.
25          Q.    Do you recognize any other person in
```

Richard Sulenski                                        **February 27, 2007**
Graham v. Best Buy Stores, L.P., et al.

---

                                                              Page 137

1    this photograph?

2          A.    Very hard to see the other people.

3          Q.    Here.  Do you want to look at the

4    colored?  Let's look at the colored version.

5          A.    Nobody that I'm sure of.

6          Q.    Okay.  And is this one of the photos

7    that was shown to you by Mr. Collins?

8          A.    I don't recall.  I don't believe so.

9                       - - - - -

10               (Thereupon, SULENSKI Deposition

11               Exhibit I was marked for

12                         purposes of

13               identification.)

14                       - - - - -

15               MS. ROWLES:  I'll have you look at

16    the colored.  It will make it easier.

17         Q.    Can you identify what's been handed

18    to you as Exhibit I?

19         A.    A photograph.

20         Q.    Have you seen this photograph before

21    today?

22         A.    I don't believe so.

23         Q.    Do you recognize any of the

24    individuals pictured in this photograph?

25         A.    I'm not sure, but I think I know the

---

**GORDON REPORTING, INC.**
**Phone 216.771.0717 - Toll Free 877.771.0717**

Richard Sulenski                                    **February 27, 2007**
Graham v. Best Buy Stores, L.P. , et al.

Page 138

1    person on the left.

2         Q.    Who do you think this person on the

3    left is?

4         A.    I believe it's Christina Fejas.

5         Q.    The last name?

6         A.    Fejas.

7         Q.    Okay.  And how do you know her?

8         A.    She was up until two months ago the

9    operations manager at Elyria.

10        Q.    Was she the operations manager in

11   2005?

12        A.    No.

13        Q.    What position did she hold in 2005?

14        A.    I don't recall.  I don't know.  I

15   think she worked in Macedonia, though.

16        Q.    Okay.

17        A.    I think she was part of the grand

18   opening staff.

19        Q.    Do you remember this as one of the

20   photos that Mr. Collins showed to you?

21        A.    I have never seen this photo before.

22        Q.    Okay.  Do you know who Michael

23   Graham is?

24        A.    In 2005?

25        Q.    In 2005 did you know who Michael

**GORDON REPORTING, INC.**
**Phone 216.771.0717 - Toll Free 877.771.0717**

Richard Sulenski
Graham v. Best Buy Stores, L.P. , et al.

Page 139

1    Graham was?

2         A.    No, I did not.

3         Q.    To your knowledge had you ever seen

4    Michael Graham in 2005 or prior?

5         A.    I can't answer that.  I don't know.

6         Q.    Let me apologize if I asked you

7    before.  After the meeting you had with Tim

8    Collins that we discussed, did you have any

9    other meetings with Tim Collins with regard to

10   this theft?

11        A.    I don't recall any.

12        Q.    You said you don't recall speaking

13   with the police?

14        A.    No, I don't.

15                   - - - - -

16             (Thereupon, SULENSKI Deposition

17             Exhibit J was marked for

18                        purposes of

19             identification.)

20                        - - - - -

21        Q.    Can you identify what's been handed

22   to you as Exhibit J?

23        A.    Elyria Police Department report of

24   some kind.

25        Q.    Okay.  Will you turn to the -- hold

Richard Sulenski                                    February 27, 2007
Graham v. Best Buy Stores, L.P. , et al.

Page 144

1    being an African-American male, medium height,

2    medium build, I think that's what you said?

3         A.    Yes.

4         Q.    The individual you had a

5    conversation with in the computer department,

6    what was the approximate age of that person?

7         A.    I don't recall.

8         Q.    Was it a teenager?  Was it a 50 year

9    old man?

10        A.    Neither.

11        Q.    Can you guess at an age?  I don't

12   want you to guess.

13        A.    In between teenager and 55.

14        Q.    Okay.

15        A.    I have learned working in retail for

16   as long as I have, that guessing people's ages

17   isn't a smart thing to do.

18        Q.    Probably not.

19              When Mr. Collins showed you these

20   photographs, did he comment as to anybody in the

21   photograph?

22        A.    I don't recall any comments.

23        Q.    Did anyone else make any comments as

24   to the people in the photographs?

25        A.    I don't believe anybody else was

**Richard Sulenski**                                                **February 27, 2007**
**Graham v. Best Buy Stores, L.P. , et al.**

Page 160

1                              CERTIFICATE

2

3     State of Ohio,

4                              SS:

5     County of Cuyahoga.

6

7

8          I, Vivian L. Gordon, a Notary Public
      within and for the State of Ohio, duly
9     commissioned and qualified, do hereby certify
      that the within named RICK SULENSKI was by me
10    first duly sworn to testify to the truth, the
      whole truth and nothing but the truth in the
11    cause aforesaid; that the testimony as above set
      forth was by me reduced to stenotypy, afterwards
12    transcribed, and that the foregoing is a true
      and correct transcription of the testimony.

13

           I do further certify that this deposition
14    was taken at the time and place specified and
      was completed without adjournment; that I am not
15    a relative or attorney for either party or
      otherwise interested in the event of this
16    action.  I am not, nor is the court reporting
      firm with which I am affiliated, under a
17    contract as defined in Civil Rule 28(D).

18         IN WITNESS WHEREOF, I have hereunto set my
      hand and affixed my seal of office at Cleveland,
19    Ohio, on this 6th day of March, 2007.

20

21

22

           Vivian L. Gordon, Notary Public
23         Within and for the State of Ohio

24    My commission expires June 8, 2009.

25